**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOHN D. HAYWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-cv-524-SMY-RJD** |
| | ) | |
| **C/O MAUE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 38), recommending that the Court grant Defendant's Motion for Summary Judgment (Doc. 21). Plaintiff filed a timely objection (Doc. 39). For the following reasons, Judge Daly's Report is **ADOPTED**.

Plaintiff John Haywood, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Specifically, Plaintiff alleges Defendant directed another inmate to fight Plaintiff. Plaintiff further alleges that after the other inmate retreated, Defendant placed him in a chokehold and shoved his face into the floor. Defendant moves for summary judgment, asserting Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit and that this lawsuit is barred by the two-year statute of limitations.

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Daly held an evidentiary hearing on Defendant's motion. Following the *Pavey* hearing, Judge Daly issued the

Report currently before the Court. The Report accurately states the nature of the evidence presented by both sides on the issue of exhaustion, the applicable law, and the requirements of the administrative process. Judge Daly examined Plaintiff's emergency grievance dated May 19, 2014 and determined that Plaintiff failed to timely submit his grievance to the Administrative Review Board after the grievance was denied by the Grievance Officer and Chief Administrative Officer ("CAO"). Judge Daly further found Plaintiff's testimony during the *Pavey* hearing to be disingenuous and not credible. Accordingly, Judge Daly concluded that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Additionally, Judge Daly concluded that Plaintiff's Complaint, filed in January 2018, was outside of the two-year statute of limitations.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Id.* In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). The Illinois Administrative Code (the "Code") governs the grievance and appeals process available to

prisoners. A prisoner may file a grievance in the normal course which includes: (1) submitting a grievance to a grievance officer; (2) the grievance officer's findings and recommendations are reviewed by the CAO; (3) the CAO renders a decision; (4) the CAO's decision may then be appealed to the ARB in writing within 30 days. 20 ILCS §§ 504.830, 504.850(a).

A prisoner may file suit after he has exhausted his administrative remedies. Under Illinois law, am action for personal injury must be commenced within two years after the cause of action accrued. 735 ILCS 5/13-202; *see Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). The statute of limitations is tolled, however, while a prisoner completes the administrative grievance process. *See* 42 U.S.C. § 1997(e)(a); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001).

Plaintiff does not deny that he failed to timely appeal the CAO's decision to the ARB. Rather, he generally objects to the entire grievance procedure as written. Plaintiff may not agree with the grievance procedure, but he must follow it. It is clear that Plaintiff did not fully exhaust his administrative remedies prior to filing suit. It is also apparent that Plaintiff's lawsuit is barred by the two-years statute of limitations – a finding that Plaintiff does not address in his objections.

The Court finds no clear error in Judge Daly's findings, analysis and conclusions, and adopts her Report and Recommendation in its entirety. Accordingly, Defendant's Motion for Summary Judgment (Doc. 21) is **GRANTED**. This case is barred by the statute of limitations and is therefore **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED: September 5, 2019**

                                          **STACI M. YANDLE**
                                          **United States District Judge**